IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                                                         **Civ. No. 12-490**

$76,650.00 IN UNITED STATES CURRENCY,

    *Defendant,*

and

LUANN MASSA,
MARC MASSA, AND
CARCO CARRIAGE CORPORATION,

    *Claimants.*

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff states:

**JURISDICTION AND VENUE**

1.    This is a civil action *in rem* for forfeiture of Defendant property which has been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico; and during the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2.    The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

3.    Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4. The "res" or property which is the subject of this action consists of Seventy-Six Thousand Six Hundred Fifty ($76,650.00) in U.S. Currency (hereafter referred to as "Defendant Currency").

### PARTIES AND CLAIMANTS

5. The following persons may claim an interest in Defendant Currency:

   (a). LuAnn Massa at 8404 1st Street, North Little Rock, AR 72117 and/or 3723 Sycamore Street Apt. B, North Little Rock, AR 72118, whose attorney is Christin K. Kennedy, Esq., 201 Twelfth Street NW, Albuquerque, NM 87102;

   (b). Marc Massa at 3724 Maple Street, North Little Rock, AR 72118;

   (c). Carco Carriage Corporation at 3403 East Roosevelt Road, Little Rock, AR 72206.

### FACTS

The circumstances from which the claim for forfeiture of Defendant Currency arise are:

6. On November 26, 2011, New Mexico State Police (NMSP) Officer Wayne Harvey stopped at Interstate 40 (I-40) at mile post 147 westbound to conduct a motorist assist. A 2010 Lincoln, registered to Carco Carriage Corporation, was parked on the side of I-40. Officer Harvey pulled up behind the Lincoln and observed a female walking around the vehicle. The vehicle had a flat tire.

7. Officer Harvey made contact with the driver, LuAnn Massa, and passenger, Pamela Cotton, and advised them that he had stopped to check on their welfare. The two occupants advised that they pulled over because a sensor went off for low tire pressure. They said they were heading to a wedding. Officer Harvey observed that both occupants seemed nervous.

8. Officer Harvey asked Massa to step out of the vehicle and accompany him to his patrol car. Officer Harvey asked Massa where they were coming from and their destination. Massa said they were coming from Little Rock Arkansas and going to Eurecka, California for her sister's wedding on November 27th. Massa said her son, Mark Massa, had rented the 2010 Lincoln.

9. Officer Harvey spoke with Cotton in front of his patrol vehicle and noticed she was sweating heavily and appeared nervous and fidgety. The NMSP Officer asked Cotton where they were coming from and where they were going. Cotton said they were coming from Jacksonville, North Carolina and then said from North Little Rock. Cotton said they were heading to Eureka, California for Massa's daughter's wedding. Cotton became confused about whose wedding they were attending. Cotton said she had accompanied Massa for the ride. Cotton stated they had left on Friday afternoon and would return on Tuesday.

10. Officer Harvey spoke with Massa again, at the front of his patrol vehicle. Massa was nervous and fidgety. Officer Harvey asked Massa to explain her trip again.

11. Officer Harvey asked Massa for permission to search the vehicle and the contents inside it. Massa became more nervous. Officer Harvey asked Massa which bags in the vehicle were hers. Massa responded, a blue bag, brown purse and clothing.

12. Officer Harvey asked Massa if there were any illegal drugs in the vehicle and or any large amounts of money. Massa said she was not aware of any drugs or money in the vehicle. Massa advised she had about a thousand dollars on her person and began to reach for her pocket. Officer Harvey told her not to reach in her pocket. Massa became extremely nervous and moved around. Officer Harvey again asked Massa for permission to search her vehicle. Massa said she wanted a lawyer and did not grant consent to search the vehicle.

13. Officer Harvey spoke with Cotton at his patrol car and observed that Cotton was nervous. Officer Harvey requested and received consent from Cotton to search her items, which was a blue backpack. An odor of marijuana emanated from the backpack. Cotton advised she had some marijuana on her person and removed a baggy of marijuana from the front of her pants.

14. Cotton was placed in handcuffs and seated in the rear seat of the officer's patrol vehicle.

15. NMSP Sergeant Nick Ramos arrived and spoke to Massa and Cotton. Massa was extremely nervous and continuously moved her body and hair away from her face. Sergeant Ramos asked Massa if there were any drugs in the vehicle. Massa stated no drugs were in the vehicle. Sergeant Ramos asked if there was a large amount of U.S. Currency in the vehicle. Massa replied, "Not that I'm aware of."

16. NMSP Sergeant Nick Ramos deployed his trained and certified drug detection canine, "Perry" around the vehicle. Perry alerted positively for the odor of illegal controlled substance at both the driver and passenger side windows of the vehicle.

17. Sergeant Ramos informed Massa the canine had alerted to the vehicle and that he was going to search the vehicle. Massa stated she did not want him to search the vehicle.

Sergeant Ramos asked Massa if she was responsible for everything in the vehicle. Massa said she was only responsible for her stuff, which was her purse and a multi-colored bag in the rear seat. Massa advised that she had not opened the trunk and that she was unaware of what was in the trunk.

18. Cotton advised she did not know what was in the trunk.

19. Sergeant Ramos searched the vehicle and located the following:

   a. some marijuana in the glove box wrapped in white paper,

   b. a large amount of U.S. Currency in a camouflage backpack in the rear seat

20. The U.S. Currency was wrapped in rubber bands and bore 10,000 money markers. The currency was inside a vacuum sealed bag that had been placed inside a brown paper bag.

21. Sergeant Ramos asked Massa if she was responsible for everything in the vehicle. Massa again claimed she was not responsible. Massa further stated that she did not have any currency and was not responsible for the currency inside the vehicle.

22. Cotton signed a written disclaimer, disclaiming any interest in the U.S. Currency.

23. The U.S. Currency totaled $76,650.

24. LuAnn Massa has a criminal and drug history.

25. LuAnn Massa has no employment history.

26. LuAnn Massa lacks any ownership interest in the $76,650.

## CLAIM FOR RELIEF

27. Defendant Currency is subject to arrest and forfeiture to Plaintiff under

21 U.S.C. § 881(a)(6) because it was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act.

28.   Defendant Currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(A) because the currency was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960 or is property traceable to such property.

29.   Defendant Currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(C) because the currency constitutes or is derived from property traceable to a violation of 18 U.S.C. § 1952.

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

*[signature]*

STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM  87103-0607
(505) 346-7274

### 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 5-7-2012

Kevin M. Mondragon, Special Agent
Drug Enforcement Administration